# EXHIBIT 1

21023594

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**ALAMEDA COUNTY**

SEP 28 2018

CLERK OF THE SUPERIOR COURT
By _____
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TICKETMASTER LLC, and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAHMOUD AMERI, individually and on behalf of all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

ALAMEDA SUPERIOR COURT
1225 Fallon Street
Oakland, California 94612

CASE NUMBER:
*(Número del Caso):*
RG18922688

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Carey A. James, Esq., Aiman-Smith & Marcy, 7677 Oakport St., Ste. 1150, Oakland, CA 94621 510/817-2711

DATE:          Chad Finke          Clerk, by _____, Deputy
*(Fecha)* SEP 28 2018          *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ORIGINAL
21023596

# AIMAN-SMITH & MARCY
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
Hallie Von Rock #233152
Carey A. James #269270
Brent A. Robinson #289373
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com
bar@asmlawyers.com

Attorneys for Plaintiff

**FILED**
ALAMEDA COUNTY

SEP 2 8 2018

CLERK OF THE SUPERIOR COURT
By_____
Deputy

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

MAHMOUD AMERI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TICKETMASTER LLC, and DOES 1-10, inclusive,

Defendants.

Case No.: **RG18922688**

**COMPLAINT FOR:**

1. **Per se Violation of the Cartwright Act (Business and Professions Code § 16720, *et seq.*)**

2. **Violation of the Cartwright Act Under the Rule of Reason (Business and Professions Code § 16720, *et seq.*)**

3. **Violation of California Penal Code § 496**

4. **Unfair Business Practices (Business and Professions Code § 17200, *et seq.*)**

5. **Injunction (Business and Professions Code § 17200, *et seq.*)**

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Class Action Complaint
*Ameri, et al. v. Ticketmaster LLC, et al.*                           Case No.

1   Mahmoud Ameri ("Plaintiff") is informed and believes and thereupon alleges the

2   following:

3   **I.    INTRODUCTION**

4       1.    This is a class action seeking redress for violations of California law by

5   defendant Ticketmaster LLC ("Ticketmaster" or "Defendant").  Ticketmaster systematically

6   orchestrates and facilitates the bulk sales of tickets on its website to professional resellers and

7   the immediate resale of these same tickets, at inflated prices, on Ticketmaster's secondary

8   exchanges.  By doing so, Ticketmaster receives double commissions for each ticket – first on

9   the sale of tickets to resellers, and then on the resale of the same tickets on secondary

10  exchanges.

11      2.    To obtain these double commissions, Ticketmaster provides sophisticated,

12  proprietary computer programs to resellers that allow the automated purchase and resale of

13  tickets in massive quantities.  Working in tandem, Ticketmaster and participating resellers

14  artificially inflate ticket prices for millions of consumers and leverage Ticketmaster's

15  dominance of the primary ticket market to suppress and prevent competition in the secondary

16  market.

17      3.    By engaging in this conduct, Ticketmaster violates California law, including the

18  Cartwright Act (Business and Professions Code § 16720), California Penal Code § 496, and

19  California's Unfair Competition Law (Business and Professions Code § 17200, *et seq.*).

20      4.    Plaintiff brings this action, individually and as a class action under California

21  Code of Civil Procedure § 382.  The claims asserted herein are brought by Plaintiff in his

22  capacity as class action representative on behalf of all similarly situated persons (the "Class").

23      5.    The Class consists of all persons with California addresses who, during the Class

24  Period, purchased tickets on a Ticketmaster secondary ticket exchange that were first offered

25  by and/or through Ticketmaster.

26      6.    The Class Period is designated as the period from 4 years prior to the filing of

27  this action through the trial date.

28      7.    Plaintiff and the Class have been injured by Ticketmaster's conduct as alleged

1  herein and seek damages, injunctive relief, penalties, interest, attorney's fees, and costs, all

2  under California law.

3       8.     All violations of law described herein have been ongoing for at least four years,

4  are continuing at present, and will continue unless and until enjoined by this Court.

5       9.     Ticketmaster knowingly and intentionally engaged in the conduct complained of

6  herein and acted as alleged herein in willful and knowing violation of the law.

7  **II.    PARTIES**

8       10.    Defendant Ticketmaster LLC is a Limited Liability Company incorporated in

9  Virginia with its headquarters and principal place of business in Beverly Hills, California.

10       11.    Plaintiff Mahmoud Ameri is an individual and a resident of Alameda County,

11  California.  On June 16, 2017, while physically located in Fremont, California, Plaintiff used

12  Ticketmaster's ticketing website to purchase Ticketmaster verified tickets to the International

13  Champions Cup soccer match between Real Madrid and Manchester United, to be held the

14  following month in Santa Clara.  Plaintiff paid a total of $292.75 for those tickets, inclusive of

15  fees and taxes.

16       12.    Plaintiff is ignorant of the true names or capacities of defendants named herein as

17  Does 1 through 10, inclusive, and therefore sues these defendants by these fictitious names.

18  When the names and capacities of these defendants are ascertained, Plaintiff will amend this

19  complaint accordingly.  Each of the defendants named herein or designated as a Doe is liable

20  or in some manner legally responsible for the events alleged herein.

21  **III.    JURISDICTION AND VENUE**

22       13.    This Court has subject matter jurisdiction of this action under California Code of

23  Civil Procedure § 410.10 and the California Constitution, Article VI, § 10.  This Court, and not

24  the United States District Court, has subject matter jurisdiction of this class action because

25  Ticketmaster's corporate headquarters are located in California, and Ticketmaster is therefore a

26  citizen of California, as defined by 28 U.S.C. § 1332(c)(1).  Plaintiff's claims fall within 28

27  U.S.C. §§ 1332(d)(4)(A) and (B), exceptions to the Class Action Fairness Act, because two-

28  thirds or more of the members of the Plaintiff Class are citizens of the State of California,

**Class Action Complaint**
*Ameri, et al. v. Ticketmaster LLC, et al.*                    Case No.
Page 2

1  Ticketmaster is a citizen of California, the injuries complained of in this action occurred in

2  California, and no other class action in California asserting the same factual allegations has

3  been filed against Ticketmaster in the preceding three years.

4      14.    This Court has specific and general personal jurisdiction over Ticketmaster

5  because Ticketmaster is a citizen of California, has significant contacts with California by

6  virtue of its extensive business operations in California, and has purposefully availed itself of

7  the privileges and immunities of conducting business in California; and because Ticketmaster's

8  affiliations with the State of California are sufficiently continuous and systematic to render

9  Ticketmaster essentially at home in this state in that Ticketmaster has its principal place of

10  business in California.

11      15.    Venue is proper in the County of Alameda pursuant to California Code of Civil

12  Procedure §§ 395 and 395.5 because a substantial portion of the acts or omissions giving rise

13  to the liability alleged herein occurred in the County of Alameda.

14  **IV.  GENERAL ALLEGATIONS**

15      16.    Tickets to live events such as concerts and sporting activities are generally sold

16  in two markets: the primary market, wherein tickets are initially sold to consumers, and the

17  secondary market, wherein tickets originally purchased in the primary market are resold,

18  usually for higher prices.

19      17.    Ticketmaster sells tickets primarily through its website, Ticketmaster.com.  With

20  a market share of more than 80 percent, Ticketmaster dominates the primary market for tickets.

21  Persons who purchase tickets in the primary market and resell those tickets in the secondary

22  market have traditionally been called "scalpers."  Historically, scalpers have frequently

23  operated by rather primitive means.  An individual scalper might, for example, purchase a

24  handful of tickets to a concert, then stand outside the concert to sell the tickets to individual

25  concert goers.  In recent years, however, the scalping industry has become increasingly

26  sophisticated, with resellers, for example, using software applications called "bots" that

27  purchase tickets in bulk by automated means.  These tickets are then resold on the internet.

28  This process drives up the price of tickets, making live events more expensive for consumers.

Class Action Complaint
*Ameri, et al. v. Ticketmaster LLC, et al.*                    Case No.
Page 3

18.    Publicly, Ticketmaster vehemently denounces scalpers as harmful to consumers and purports to prohibit bulk purchases and the use of bots.  In reality, however, Ticketmaster actively solicits bulk purchases from large resellers, partners with these resellers, enters into agreements and contracts with these resellers, provides computer programs and support for the automated resale of tickets at inflated prices, and reaps tremendous profits from these practices.  Ticketmaster allows and encourages professional resellers to use fake identities and automated technologies – some of which are purportedly banned by Ticketmaster's terms of service – to buy tickets in bulk from Ticketmaster.com for immediate resale on Ticketmaster's website.  This process is facilitated by "TradeDesk," a computerized system secretly created by Ticketmaster for professional scalpers.  TradeDesk enables scalpers to instantaneously resell tickets on Ticketmaster's website, with Ticketmaster colleting a fee for both sales.  The existence of TradeDesk is not disclosed to consumers, nor is Ticketmaster's coordinated activity with large-scale, professional resellers.

19.    By its seamless coordination with large resellers and its domination of the primary ticket market, Ticketmaster suppresses and prevents competition from other participants in the secondary ticket market, artificially manipulates supply and demand, leverages its position in the primary market to extend itself into the secondary market, and increases the prices of tickets for consumers on a massive scale.  This conduct unreasonably restrains trade in the market for tickets in California by artificially removing tickets from the primary market for sale at higher prices on the secondary market, thus denying consumers access to tickets in the primary market and requiring their purchase at inflated prices in the secondary market.  By engaging in this anticompetitive conduct, Ticketmaster has generated billions of dollars of revenue for itself at the expense of consumers.  Ticketmaster protects this revenue and its anticompetitive position by selectively enforcing its prohibition on automated technologies and fake accounts against resellers who do not participate in its scheme and who sell tickets on secondary exchanges not controlled by Ticketmaster.  Moreover, Ticketmaster uses its monopoly power in the primary ticket market to improperly exclude competition in the secondary market by contracts with ticket suppliers and venues that require purchasers in the

1   primary to use only Ticketmaster exchanges for resale.

2       20.    Plaintiff has been injured in fact and has lost money and property as a result of

3   Ticketmaster's practices, and brings his claim for public injunctive relief to prevent further

4   harm to the public at large, which continues to face and suffer harm as a result of

5   Ticketmaster's widespread unlawful activity.  Plaintiff seeks preliminary and permanent

6   injunctions to prohibit the Ticketmaster's ongoing unlawful acts, which threaten future

7   deception of, and injury to, the public.

8       21.    Plaintiff's claims are timely, and, additionally, facts indicating that Ticketmaster

9   was engaging in the misconduct alleged herein were actively concealed by Ticketmaster.

10  **V.    CLASS ACTION ALLEGATIONS**

11      22.    Plaintiff brings this action on behalf of himself and all others similarly situated as

12  a class action pursuant to California Code of Civil Procedure § 382.  The Class that the

13  Plaintiff seeks to represent is defined as follows: All persons with California addresses who,

14  during the Class Period, purchased tickets on a Ticketmaster secondary ticket exchange that

15  were first offered by and/or through Ticketmaster.

16      23.    The claims alleged herein may properly be maintained as a class action pursuant

17  to California Code of Civil Procedure § 382 because there is a well-defined community of

18  interest among ascertainable class members with regard to the claims asserted in this action.

19      24.    The total number of members of the Class is believed to be in excess of 50,000

20  persons.  Accordingly, joinder of all members of the Class would be impractical.

21      25.    Questions of law and fact common to Plaintiff and the Class predominate over

22  questions of law and fact affecting only individual members of the Class.  These common

23  questions of law and fact include, but are not limited to, the following:

24          (a)    Whether Ticketmaster facilitates and participates in the automated

25                 purchase and resale of tickets by resellers to increase the price of tickets;

26          (b)    Whether Ticketmaster prevents competition in the secondary ticket market

27                 by exploiting its monopoly position in the primary ticket market;

28          (c)    Whether, by engaging in the conduct alleged herein, Ticketmaster makes

**Class Action Complaint**
*Ameri, et al. v. Ticketmaster LLC, et al.*                          Case No.
Page 5

1    and enters into agreements to unite interests to affect the price of tickets

2    sold in the secondary market;

3    (d)    Whether Ticketmaster's actions as described herein constitute receipt of

4    stolen property in violation of California Penal Code section 496;

5    (e)    Whether Ticketmaster's actions as described herein constitute violations

6    of California Business and Professions Code § 17200, *et seq.*;

7    (f)    The proper formula for calculating damages and restitution owed to

8    Plaintiffs;

9    (g)    Whether Ticketmaster will, unless enjoined, continue the practices alleged

10    herein; and

11    (h)    The terms and conditions of the injunction to be issued against

12    Ticketmaster.

13    26.    The identities of the members of the Class are ascertainable from available

14    records maintained by Ticketmaster or by third parties.

15    27.    Plaintiff's claims are typical of the claims of the Class because Plaintiff was

16    subjected to the unlawful practices alleged herein common to the Class.  Ticketmaster's

17    common course of conduct has caused Plaintiff and the Class to sustain the same or

18    substantially similar injuries and damages caused by the same practices of Ross, and Plaintiff's

19    claims are therefore representative of the claims of Plaintiff Class.

20    28.    Plaintiff has no conflict of interest with any other members of Class, and Plaintiff

21    will vigorously prosecute this case on behalf of Class.

22    29.    Counsel who represent Plaintiff are competent and experienced in litigating

23    complex actions.  Plaintiff and his counsel will fairly and adequately represent and protect the

24    interests of the members of the Class.

25    **VI.    CAUSES OF ACTION**

26    **FIRST CAUSE OF ACTION**
**Per Se Violation of the Cartwright Act**

27    **(California Business & Professions Code § 16720)**

28    30.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

Class Action Complaint
*Ameri, et al. v. Ticketmaster LLC, et al.*                              Case No.
Page 6

1  forth herein.

2      31.    As alleged herein, Ticketmaster by and through its officers, directors, employees,

3  agents, or representatives, entered into and engaged in an unlawful contract, combination, and

4  conspiracy in restraint of trade and commerce and to affect the price of articles in trade, and

5  acted in a combination of capital, skills, and/or acts to increase the price of merchandise, in

6  violation of the Cartwright Act, California Business and Professions Code § 16720.

7      32.    Plaintiff and the members of the Class are proper entities to bring a case

8  concerning this conduct.

9      33.    Ticketmaster's activities as alleged herein are per se violations of the Cartwright

10  Act, California Business and Professions Code § 16720.

11      34.    Plaintiff and the Class have suffered antitrust injury and have been injured in

12  their business and property as a result of Ticketmaster's unlawful acts as herein alleged.

13      35.    Plaintiff seeks damages according to proof, which damages shall be

14  automatically trebled pursuant to the Cartwright Act, California Business and Professions Code

15  § 16750(a).

16      36.    Further, Plaintiff seeks an injunction against further wrongful acts of

17  Ticketmaster pursuant to the Cartwright Act, California Business and Professions Code §

18  16750(a).

19      37.    Plaintiff is automatically entitled to reasonable attorney's fees pursuant to the

20  Cartwright Act, California Business and Professions Code § 16750(a).

21      38.    Plaintiff is automatically entitled to his costs of suit pursuant to the Cartwright

22  Act, California Business and Professions Code § 16750(a).

23                    **SECOND CAUSE OF ACTION**
   **Violation of the Cartwright Act Under the Rule of Reason**
24      **(California Business & Professions Code § 16720)**

25      39.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

26  forth herein.

27      40.    As alleged herein, Ticketmaster by and through its officers, directors, employees,

28  agents, or representatives, entered into and engaged in an unlawful contract, combination, and

1   conspiracy in restraint of trade and commerce and to affect the price of articles in trade, and

2   acted in a combination of capital, skills, and/or acts to increase the price of merchandise, in

3   violation of the Cartwright Act, California Business and Professions Code § 16720.

4        41.    Plaintiff and the members of the Class are proper entities to bring a case

5   concerning this conduct.

6        42.    Ticketmaster's conduct as alleged herein unreasonably restrains trade and

7   inflates prices in one or more of the relevant markets in violation of the Cartwright Act,

8   California Business and Professions Code § 16720.

9        43.    Plaintiff and the Class have suffered antitrust injury as a result of Ticketmaster's

10  unlawful acts as herein alleged.

11       44.    Plaintiff seeks damages according to proof, which damages shall be

12  automatically trebled pursuant to the Cartwright Act, California Business and Professions Code

13  § 16750(a).

14       45.    Further, Plaintiff seeks an injunction against further wrongful acts of

15  Ticketmaster pursuant to the Cartwright Act, California Business and Professions Code §

16  16750(a).

17       46.    Plaintiff is automatically entitled to reasonable attorney's fees pursuant to the

18  Cartwright Act, California Business and Professions Code § 16750(a).

19       47.    Plaintiff is automatically entitled to his costs of suit pursuant to the Cartwright

20  Act, California Business and Professions Code § 16750(a).

21                          **THIRD CAUSE OF ACTION**
                     **Violation of the California Penal Code § 496**

22

23       48.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

     forth herein.
24
         49.    Penal Code § 484 defines the crime of theft, and, as is relevant here, prohibits
25
     knowingly and designedly taking the money or property of another by false or fraudulent
26
     representations or pretenses.
27
         50.    A violation of Penal Code § 484 is established by evidence that a person made a
28

1  false pretense or representation with the intent to defraud the owner of his property, and that

2  the owner was thus deprived of his property.

3        51.    Penal Code § 496(a) prohibits the concealing and selling of property known to

4  have been obtained in any manner constituting theft.

5        52.    Ticketmaster's Terms of Use and Purchase Policy each prohibit ticket purchasers

6  from purchasing more than a limited number of tickets per event.  This limit is known as the

7  "ticket limit."

8        53.    Ticketmaster's Terms of Use also prohibit users from impersonating others, and

9  submitting content or information that is fraudulent.

10        54.    Scalpers use manual or automatic means to purchase first-hand tickets via

11  Ticketmaster in excess of the ticket limit, including by providing false information that

12  includes the purchaser's name, email address, contact information, IP address, and other

13  information.

14        55.    By purchasing first-hand tickets in excess of the ticket limit and using falsified

15  information, scalpers knowingly and designedly take the property of the original ticket seller

16  by false or fraudulent representations or pretenses, in violation of Penal Code § 484.

17        56.    Scalpers then sell those same tickets second-hand to consumers using

18  Ticketmaster's fan-to-fan ticket marketplace, at prices normally far in excess of the price paid

19  for the original ticket.

20        57.    When scalpers submit tickets for sale on Ticketmaster's fan-to-fan ticket

21  marketplace, Ticketmaster acts as agent of the scalpers, and assumes dominion and control

22  over the tickets while they remain offered for sale.

23        58.    Ticketmaster knows or had reason to know that scalpers resell tickets purchased

24  in excess of the ticket limit and by using falsified information.

25        59.    Alternatively, Ticketmaster's principal business, or one of its principal

26  businesses, is dealing in event tickets, which are personal property.  Similarly, in facilitating

27  the resale of second-hand tickets, Ticketmaster acts as the agent of scalpers, who are persons

28  whose principal business is dealing in personal property. Pursuant to Penal Code § 496-496(b),

1    Ticketmaster is accordingly subject to a duty to make reasonable inquiry into whether property

2    listed for sale in its marketplace is stolen.

3         60.    Ticketmaster fails to make a reasonable inquiry into whether property listed for

4    sale in its marketplace is stolen, and is accordingly presumed to have knowledge that the

5    tickets sold by scalpers in its marketplace are stolen.

6         61.    Regardless of how Ticketmaster's knowledge is established, by knowingly aiding

7    scalpers in reselling tickets that the scalpers purchased in excess of the ticket limit and using

8    falsified information, Ticketmaster receives stolen property in violation of Penal Code

9    § 496(a).

10        62.    Ticketmaster's violations of Penal Code § 496, as alleged above, are a substantial

11   factor in causing injury to Plaintiff and the other members of the Class.

12        63.    As a result of Ticketmaster's violations of Penal Code § 496, Plaintiff and the

13   other members of the Class have suffered harm that includes but is not limited to the increased

14   price paid for event tickets, the loss of such additional amounts of money each would have

15   received had he or she not been the victim of those violations, and the lost use-value of the

16   money so deprived.

17        64.    For those harms occurring within the Class Period, Plaintiff and the other

18   members of the Class seek compensatory damages at three times the amount of the actual

19   damages, prejudgment interest, reasonable attorneys' fees, and costs of suit, all pursuant to

20   Penal Code §496 (c), and in an amount according to proof at trial.

21                            **FOURTH CAUSE OF ACTION**
                     **RESTITUTION - UNFAIR BUSINESS PRACTICES**
22        **(CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.)**

23        65.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

24   forth herein.

25        66.    Each violation of law by Ticketmaster as alleged herein constitutes a separate

26   and distinct unfair and unlawful practice in violation of California Business & Professions

27   Code § 17200, *et seq.*

28        67.    As a direct and proximate result of Ticketmaster's conduct as alleged herein,

**Class Action Complaint**
*Ameri, et al. v. Ticketmaster LLC, et al.*                    Case No.
Page 10

1  Plaintiff and the Class have been injured in fact and have lost money and property, and

2  Ticketmaster has been enriched by the retention of funds for reimbursement that are the

3  property of Plaintiff and the Class.

4      68.    Plaintiff and the Class are entitled to restitution of all amounts which

5  Ticketmaster was obligated to provide to Plaintiff and the Class or which Ticketmaster

6  unlawfully and unfairly obtained from Plaintiff and the Class.  The total of these amounts can

7  be proved with common evidence.

8      69.    Plaintiff is additionally entitled to recovery of interest, costs, and attorney's fees

9  as provided by California law.

**FIFTH CAUSE OF ACTION**
**Injunction**
**(California Business & Professions Code § 17200, *et seq.*)**

12     70.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

13  forth herein.

14     71.    Each violation of California law by Ticketmaster as alleged herein constitutes a

15  separate and distinct unlawful and unfair practice in violation of California Business &

16  Professions Code § 17200, *et seq.*

17     72.    Plaintiff has been harmed by Ticketmaster's unlawful and unfair practices as

18  alleged herein.

19     73.    Ticketmaster continues to engage in the unlawful and unfair practices alleged

20  herein through the present day.

21     74.    Unless enjoined by this Court, Ticketmaster will continue to engage in the

22  unlawful and unfair practices alleged herein.

23     75.    Plaintiff is entitled to, and therefore requests, an injunction of this Court

24  requiring that Ticketmaster permanently cease and desist from engaging in the unlawful and

25  unfair practices alleged herein, and, further, that this Court make such orders as are necessary

26  to monitor Ticketmaster's compliance with said injunction.

27     76.    Plaintiff is entitled to costs and attorney's fees for pursuing the injunction

28  requested herein.

## VII.    PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf himself and the Class, prays for relief as follows:

1.    That the Court certify this action as a class action on behalf of the Class pursuant to California Code of Civil Procedure § 382;

2.    That the Court designate Plaintiff as representative of the Class;

3.    That the Court appoint the law firm Aiman-Smith & Marcy as Class counsel;

4.    That the Court adjudge and decree that Ticketmaster's acts as herein alleged violate the Cartwright Act, California Business & Professions Code §16720, *et seq.*;

5.    That Ticketmaster be ordered to pay all amounts owed to the Class arising out of the actions complained of herein, including penalties, interest, and costs;

6.    That Ticketmaster, at its own expense, be ordered to provide full and adequate notice as required in class actions to all members of the Class;

7.    That this action and the Class be further designated, respectively, as a representative action and a representative class under California Business & Professions Code § 17200, *et seq.*;

8.    That Ticketmaster be ordered to make full restitution of all amounts received and/or retained and/or not paid to Plaintiff and the Class by Ticketmaster pursuant to California Business and Professions Code § 17200, *et seq.*;

9.    That in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action under California law, that Ticketmaster be ordered to pay for all necessary efforts to actually locate members of the representative class under Business and Professions Code § 17200, *et seq.*;

10.    That this Court determine, and provide its declaratory judgment, that the practices complained of herein were done willfully, knowingly, and intentionally;

11.    That this Court issue a temporary injunction, on terms the Court may deem appropriate and necessary, prohibiting Ticketmaster from engaging in the practices complained of herein pending trial of this action, and requiring Ticketmaster to make appropriate reports to the Court or its appointed agent or expert regarding its compliance with said injunction, and

1  requiring Ticketmaster to pay all costs associated with said monitoring said injunction;

2      12.    That this Court issue a permanent injunction, on terms the Court may deem

3  appropriate and necessary, prohibiting Ticketmaster from engaging in the practices complained

4  of herein, requiring Ticketmaster to make appropriate reports to the Court or its appointed

5  agent or expert regarding its compliance with said injunction, and requiring Ticketmaster to

6  pay all costs associated with monitoring said injunction;

7      13.    For attorney's fees as provided by statutory and common law;

8      14.    For costs of suit incurred; and

9      15.    For such other legal and equitable relief as the Court may deem just and proper.

10

11  Dated: September 28, 2018





Carey A. James
Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2          Plaintiff, on behalf of himself and the Class, hereby demands a jury on all causes of

3   action and claims with respect to which Plaintiff and the Class have a right to a jury trial.

4

5   Dated: September 28, 2018                    

6

7

8

9                                               Carey A. James
                                                Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Class Action Complaint**
*Ameri, et al. v. Ticketmaster LLC, et al.*                     Case No.
Page 14

Aiman-Smith & Marcy
Attn:  Aiman-Smith, Randall B.
7677 Oakport Steet, Ste.1150
Oakland, CA  94621____

Ticketmaster LLC

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Ameri | No. <u>RG18922688</u> |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | NOTICE OF HEARING |
| Ticketmaster LLC | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 11/20/2018   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 12/18/2018   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  10/02/2018                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By _____

                                                                          Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/03/2018.

                                      By _____

                                                                          Deputy Clerk

ORI

||||||||||||||||||||
**21023595**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|

Carey A. James, Esq., SBN 269270
Aiman-Smith & Marcy
7677 Oakport Street, Suite 1150
Oakland, California 94621
TELEPHONE NO.: 510/817-2711     FAX NO.: 510/562-6830
ATTORNEY FOR *(Name)*: **Plaintiff Mahmoud Ameri**

**FILED**
**ALAMEDA COUNTY**

SEP 2 8 2018

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: **1225 Fallon Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Oakland, California 94612**
BRANCH NAME: **Unlimited Jurisdiction**

CASE NAME:
**AMERI v. TICKETMASTER LLC**

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder** Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | **RG18922688** |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*:  Five (5)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: **September 28, 2018**
Carey A. James, Esq.
_____
(TYPE OR PRINT NAME)                ▶ _____
                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| CAREY A. JAMES ESQ., Bar #269270<br>AIMAN-SMITH & MARCY<br>7677 OAKPORT STREET, SUITE 1020<br>OAKLAND, CA 94621<br>Telephone No: 510-562-6800    FAX No: 510-562-6830<br><br>Attorney for: Plaintiffs | **FILED BY FAX**<br>ALAMEDA COUNTY<br>October 17, 2018<br>CLERK OF<br>THE SUPERIOR COURT<br>By Dajuana Turner, Deputy |
| Ref. No. or File No.:<br>TICKETMASTER | |
| Insert name of Court, and Judicial District and Branch Court:<br>ALAMEDA COUNTY SUPERIOR COURT | CASE NUMBER:<br>**RG18922688** |
| Plaintiffs: MAHMOUD AMERI, ET AL. | |
| Defendant: TICKETMASTER LLC, ET AL. | |

| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>RG18922688 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; DEMAND FOR JURY TRIAL; CIVIL CASE COVER SHEET; SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

*3. a. Party served:*        TICKETMASTER LLC
*b. Person served:*        AGENT FOR SERVICE, CORPORATE CREATIONS NETWORK INC., BY LEAVING WITH CHRISTIAN LARRANAGA, AUTHORIZED TO ACCEPT

*4. Address where the party was served:*        AGENT: CORPORATE CREATIONS NETWORK INC.
4640 ADMIRALTY WAY
5TH FLOOR
MARINA DEL REY, CA 90292

*5. I served the party:*
a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon., Oct. 08, 2018 (2) at: 10:00AM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
*on behalf of:*   TICKETMASTER LLC
Under CCP 416.40 (association or partnership)

*7. **Person Who Served Papers:***                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
a. BRIAN FECHER             d. **The Fee** for Service was:   $90.00
b. **One Hour Delivery Service**       e. I am: (3) registered California process server
    2920 Camino Diablo Ste. 100              *(i)*   Independent Contractor
    WALNUT CREEK, CA 94597           *(ii)*   Registration No.:     6402
c. 925-947-3470, FAX 925-947-3480       *(iii)*   County:         LOS ANGELES

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: *Tue, Oct. 09, 2018*

Judicial Council Form POS-010                PROOF OF SERVICE          (BRIAN FECHER)
Rule 2.150.(a)&(b) Rev January 1, 2007            SUMMONS                       614298    .aimancaj.72039

# AIMAN-SMITH & MARCY
### PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy   #191531
Hallie Von Rock #233152
Carey A. James #269270
Brent A. Robinson #289373
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com
bar@asmlawyers.com

Attorneys for Plaintiffs

**FILED BY FAX**
ALAMEDA COUNTY

October 26, 2018

CLERK OF
THE SUPERIOR COURT
By Shabra Iyamu, Deputy

CASE NUMBER:

**RG18922688**

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MAHMOUD AMERI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TICKETMASTER LLC, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: BC706281 <br><br> Assigned for All Purposes to: <br> Hon. Brad Seligman <br> Department 23 <br><br> **PROOF OF SERVICE** <br><br><br> Complaint Filed:   Sept. 28, 2018 <br> Trial Date:   Not Yet Set |

Aiman-Smith & Marcy
Attn: Aiman-Smith, Randall B.
7677 Oakport Steet, Ste.1150
Oakland, CA  94621____

Ticketmaster LLC    RECEIVED

OCT 0 9 2018

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Ameri

Plaintiff/Petitioner(s)

VS.

Ticketmaster LLC

Defendant/Respondent(s)
(Abbreviated Title)

No. RG18922688

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and
time noted below:

Complex Determination Hearing:
DATE: 11/20/2018    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 12/18/2018    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of
the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation
Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb).
For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at
(510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County
of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this
notice on all parties omitted from this notice or brought into the action after this notice was
mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex
Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement
may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting
directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For
further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  10/02/2018                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                    By    _Darmefen Oh_ Digital
                                          _____
                                          Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

            Executed on 10/03/2018.

                                    By    _Darmefen Oh_ Digital
                                          _____
                                          Deputy Clerk

## **PROOF OF SERVICE**

I, the undersigned, hereby declare: I am employed in the County of Alameda, California; I am over eighteen years of age and not a party to the within action. I am either admitted to practice before this Court or employed in the office of an attorney admitted to practice in this Court. My business address is 7677 Oakport, Suite 1150, Oakland, California 94621.

On this date, I certify that the foregoing:

### **NOTICE OF HEARING**

by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Ticket Master LLC<br>c/o Corporate Creations Network Inc.<br>4640 Admiralty Way, 5th Floor<br>Marina Del Rey, CA 90292 | *Agent for Defendant Ticketmaster LLC* |

__X__   [By Mail]   I caused such envelope, with postage fully prepaid, to be placed in the United States mail at Oakland, California.

____   [By E-Mail]   I caused such document to be electronically transmitted via e-mail the addressee(s) listed above.

____   [By Overnight Delivery, UPS Next Day Air, C.C.P. § 1013(c)]   UPS is a provider of overnight delivery services. I placed the above described document(s) in an envelope or package designated for use by UPS and delivered said designated envelope to an authorized Office or drop box of UPS at Oakland, California, with delivery fees for overnight delivery fully prepaid, and addressed to the addressee(s) above.

____   [By Personal Service]   I caused such envelope to be delivered by hand to the above address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 25, 2018

_Norma Dale_

Norma Dale

Proof of Service
*Ameri v. Ticketmaster LLC., et al*
Page i        **Case No. RG18922688**